UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3991-GHK (SP) | Date | May 31, 2012 |
|---|---|---|---|
| Title | FAKIR RODWALL v. LEE BOCA, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|

| Kimberly I. Carter | n/a | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**  **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Moot Following Petitioner's Release From Custody**

On May 8, 2012, petitioner Fakir Rodwall filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. The petition challenged petitioner's detention by the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") pursuant to an ICE detainer following local custody. Pet. at 5-6. Petitioner sought his release from custody. Pet. at 8.

"[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). If "the habeas petition[] raise[s] claims that were fully resolved by release from custody," the petition is moot. *Abdala v. INS*, 488 F.3d 1061, 1065 (9th Cir. 2007); *see also Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (holding that when the petition seeks relief from conditions of confinement, petitioner's release from prison renders the petition moot); *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (holding that since release from custody was the only relief sought, petitioner's subsequent release rendered the case moot).

On May 25, 2012, respondents filed a notice informing the court that petitioner was released from ICE custody on March 21, 2012. The instant petition may therefore be moot.

Accordingly, within **twenty (20)** days of the date of this Order, that is, by **June 20, 2012**, petitioner is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed as moot in light of his release from custody. Petitioner is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of his petition and this action. If

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3991-GHK (SP) | Date | May 31, 2012 |
|---|---|---|---|
| Title | FAKIR RODWALL v. LEE BOCA, et al. | | |

petitioner no longer wishes to pursue this action in light of his release, he may file the attached Notice of Voluntary Dismissal in lieu of responding to this Order to Show Cause.

Petitioner may also have failed to immediately notify the court of any change in petitioner's address. On May 18, 2012, the court issued its Order Requiring Response to Petition and mailed that Order to petitioner at his address of record, his place of incarceration at Adelanto-East Detention Facility in Adelanto, California. That mailing was returned to the court as undeliverable on May 29, 2012. Although petitioner never received the court's Order notifying him of his duty to immediately notify the court of any change of address, he has nevertheless failed to comply with Local Rule 41-6. Local Rule 41-6, states as follows:

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

In light of the uncertainty surrounding petitioner's location, the Clerk of the Court is directed to mail this Order to Show Cause to (1) petitioner's address of record at the Adelanto-East Detention Facility and (2) to the service address noted by respondents as the last address provided by petitioner upon his release from respondents' custody:

Fakir Rodwall
259 South Harvard Boulevard, No. 203
Los Angeles, CA 90004